IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

JOHN ANTHONY CASTRO,

    Plaintiff,

v.

LIEUTENANT GOVERNOR NANCY DAHLSTROM and DONALD JOHN TRUMP,

    Defendants.

Case No. 1:23-cv-00011-JMK

## ORDER OF DISMISSAL

On September 29, 2023, self-represented litigant John Anthony Castro ("Plaintiff") filed a civil complaint, a civil cover sheet, and paid the filing fee.[1] Plaintiff also filed a motion to "Obtain Electronic Case Filing Rights."[2] Plaintiff brings this action against Lieutenant Governor Nancy Dahlstrom and Donald John Trump. Plaintiff alleges Defendant Trump is ineligible to pursue or hold any public office in the United States pursuant to Section 3 of the Fourteenth Amendment to the United States Constitution and seeks declaratory and injunctive relief.[3] Specifically, the Complaint's section entitled "Demand for Relief" seeks an "injunction preventing Defendant Lieutenant Governor from accepting and/or

---

[1] Dockets 1–2.

[2] Docket 4.

[3] Docket 2 at 8.

processing Defendant Donald John Trump's ballot access documentation, including, but not limited to, nominating papers and nominating petitions."[4] In other areas of the Complaint, Plaintiff appears to also seek a temporary restraining order,[5] a "declaratory judgment that Defendant Donald Trump is disqualified under Section 3 of the 14th Amendment,"[6] and for the Court to declare whether Plaintiff "would have standing and the right to secure an injunction" against the Republican Party, the Joint Congressional Committee on Inaugural Ceremonies, or individual state election authorities.[7] On January 4, 2024, Defendant Lieutenant Governor Nancy Dahlstrom moved to dismiss the complaint against her for lack of service.[8]

Although non-prisoner complaints are not subject to 28 U.S.C. § 1915(e) or 1915A screening requirements when the filing fee is paid, the Court retains the inherent authority to dismiss a claim for failure to comply with Federal Rule of Civil Procedure 8 ("Rule 8")[9] or for lack of jurisdiction.[10] To avoid dismissal, a plaintiff must make a legal sufficient showing of jurisdictional facts.[11] While a court may

---

[4] Docket 2 at 11.

[5] Docket 2 at 34.

[6] Docket 2 at 12.

[7] Docket 2 at 23–24.

[8] Docket 6.

[9] Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a complaint with prejudice for failure to comply with Rule 8(a).

[10] *See United States v. Hays*, 515 U.S. 737, 742 (1995) ("federal courts are under an independent obligation to examine their own jurisdiction.").

[11] *Lake v. Lake,* 817 F.2d 1416, 1420 (9th Cir. 1987).

Case No. 1:23-cv-00011-JMK, *Castro vs. Lieutenant Governor Dahlstrom and Donald Trump*
Order of Dismissal
Page 2 of 9

Case 1:23-cv-00011-JMK   Document 7   Filed 01/26/24   Page 2 of 9

act with leniency towards a self-represented litigant for procedural violations, all litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[12] Further, while plaintiff is appearing in this action as a "*pro se*" litigant, he appears to be an attorney and a frequent litigator.[13] Self-represented litigants who are also attorneys should not be afforded special liberal pleading construction or treated as proceeding without counsel under relevant Ninth Circuit rules.[14] For the reasons explained below, the Complaint is dismissed and all pending motions are denied as moot.

## DISCUSSION

### I. Failure to State a Claim Upon Which Relief Can Be Granted

To state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[15] "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[12] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts .gov/court-info/local-rules-and-orders/local-rules; *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

[13] *See* Staff Profiles: John Castro, Castro & Co., *available at* https://www.castroandco.com/staff-profiles/john-anthony-castro-j-d-ll-m/ (last visited October 26, 2023) (describing Plaintiff as a managing partner and federal tax practitioner authorized to practice "federal tax law in all 50 states as well as the 68 countries with which the U.S. has income and estate tax treaties."). *See also* Rule 200, Federal Tax Court Rules of Practice and Procedure.

[14] *Huffman v. Lindgren,* 81 F.4th 1016 (9th Cir. 2023).

[15] Fed. R. Civ. P. 8(a)(2).

Case No. 1:23-cv-00011-JMK, *Castro vs. Lieutenant Governor Dahlstrom and Donald Trump*
Order of Dismissal
Page 3 of 9
Case 1:23-cv-00011-JMK   Document 7   Filed 01/26/24   Page 3 of 9

plausible on its face.'"[16] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.[17] A complaint seeking relief from a federal court must be clear. It must be legibly handwritten or typewritten and have margins of at least one inch around all text.[18] A complaint should set out each claim for relief separately and include specifics about how each named defendant is involved in causing an injury to the plaintiff.[19] There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed injury.[20] The Court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[21]

**II. Jurisdiction**

Federal courts are courts of limited subject matter jurisdiction.[22] Article III limits the judicial power of federal courts to "cases" and "controversies."[23] Plaintiff invokes federal question jurisdiction, claiming the action "arises under Section 3 of

---

[16] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

[17] *Ashcroft*, 556 U.S. at 678.

[18] *See* D. Alaska Loc. Civ. R. 7.5.

[19] *Rizzo v. Goode,* 423 U.S. 362, 371 (1976).

[20] *Rizzo,* 423 U.S. at 371; *May v. Enomoto,* 633 F.2d 164, 167 (9th Cir. 1980).

[21] *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

[22] *Spokeo, Inc. v. Robins,* 578 U.S. 330, 337 (2016), *as revised* (May 24, 2016).

[23] U.S. CONST. art. III, § 2, cl. 1.

Case No. 1:23-cv-00011-JMK, *Castro vs. Lieutenant Governor Dahlstrom and Donald Trump*
Order of Dismissal
Page 4 of 9
Case 1:23-cv-00011-JMK   Document 7   Filed 01/26/24   Page 4 of 9

the 14th Amendment to the U.S. Constitution."[24] A case "arises under" federal law for jurisdictional purposes either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law."[25]

Through this lawsuit, Plaintiff seeks to have the Court declare Defendant Trump engaged in or aided an insurrection, and is therefore prevented from holding office by Section 3 of the Fourteenth Amendment, which provides:

> No person shall be a Senator or Representative in Congress, or elector of President and Vice-President, or hold any office, civil or military, under the United States, or under any State, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any State legislature, or as an executive or judicial officer of any State, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof. But Congress may by a vote of two-thirds of each House, remove such disability.[26]

Plaintiff alleges Section 3 is "self-executing" and creates "an implied cause of action for a for a fellow candidate to obtain relief for a political competitive injury by challenging another candidate's constitutional eligibility on the grounds that they

---

[24] Docket 2 at 8.

[25] *Republican Party of Guam v. Gutierrez,* 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 8–9 (1983)).

[26] U.S. Const. amend. XIV, § 3.

Case No. 1:23-cv-00011-JMK, *Castro vs. Lieutenant Governor Dahlstrom and Donald Trump*
Order of Dismissal
Page 5 of 9
Case 1:23-cv-00011-JMK   Document 7   Filed 01/26/24   Page 5 of 9

engaged in or provided 'aid or comfort' to an insurrection.'"[27] According to Plaintiff, as "fellow FEC-registered Republican primary candidate,"[28] he is a "political competitor," and therefore has standing to bring this action. However, Section 3 of the Fourteenth Amendment does not provide a private right of action,[29] and the Complaint does not allege any facts that provide a plausible basis for relief under this provision. Because there is no federal cause of action available to plaintiff, there can be no federal question jurisdiction.

Plaintiff has filed similar cases in several district courts, seeking a declaration that President Trump constitutionally ineligible to hold public office because of the events of January 6, 2021, and presumably seeking to enjoin President Trump from submitting an application to appear on any State's ballot. Several other courts have dismissed similar complaints filed by plaintiff after finding

---

[27] Docket 2 at 9.

[28] Docket 2 at 10. *See also* John Castro's active campaign website at https://john castro.com (last visited October 26, 2023).

[29] *Castro v. Weber, et al.,* No. 223CV02172DADACPS, 2023 WL 6931322, at *1 (E.D. Cal. 2023). *See also Grinols v. Electoral College,* 2013 WL 2294885, *7 (E.D. Cal. 2013) ("These various articles and amendments of the Constitution make clear that the Constitution assigns to Congress, and not to federal courts, the responsibility of determining whether a person is qualified to serve as President of the United States. As such, the question presented by Plaintiffs in this case—whether President Obama may legitimately run for office and serve as President—is a political question that the Court may not answer."); and *Taitz v. Democrat Party of Mississippi,* 2015 WL 11017373, *16 (S.D. Miss. 2015) ("Likewise, this court can find no authority in the Constitution which would permit it to determine that a sitting president is unqualified for office or a president-elect is unqualified to take office. These prerogatives are firmly committed to the legislative branch of our government.").

Case No. 1:23-cv-00011-JMK, *Castro vs. Lieutenant Governor Dahlstrom and Donald Trump*
Order of Dismissal
Page 6 of 9
Case 1:23-cv-00011-JMK   Document 7   Filed 01/26/24   Page 6 of 9

that he did not properly allege standing or subject matter jurisdiction in those cases.[30] For the same reasons, this case must be dismissed.

## III. Defendant Donald Trump

Plaintiff names Donald Trump as a "nominal defendant."[31] What Plaintiff seeks to accomplish with this classification is unclear, but Plaintiff's requests for relief and contention that without the Court's intervention, Defendant Trump will "siphon off votes,"[32] taking "slices of the voter and donor pie that logically reduces the available pie left for Castro"[33] suggest Defendant Trump would be affected by a judgment in Plaintiff's favor. Furthermore, the Complaint does not contain factual allegations establishing that the Court has personal jurisdiction over Defendant Trump.[34] Finally, once claims are adjudicated, a plaintiff may not bring the same

---

[30] *See, e.g., Castro v. Toulouse Oliver,* No. 23-cv-766 KK/GJF, 2023 WL 6065304, at *1 (D.N.M. 2023) (ordering Plaintiff to show cause why the Court should not dismiss Plaintiff's claims); *Castro v. Weber, et al.,* No. 223CV02172DADACPS, 2023 WL 6931322, at *1 (E.D. Cal. 2023) (recommending dismissal for lack of jurisdiction after Plaintiff's response the order to show cause failed to demonstrate that jurisdiction existed); *Castro v. FEC,* No. 1:22-cv-02176, 2022 WL 17976630 (D.D.C. 2022) (dismissed for lack of standing); *Castro v. Trump,* No. 23-117, 2023 WL 6379034, at *1 (U.S. 2023) (denying petition for writ of certiorari before judgment).

[31] Docket 2 at 8; *see also Party (2)*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining a "nominal party" as "[a] party to an action who has no control over it and no financial interest in its outcome; esp., a party who has some immaterial interest in the subject matter of a lawsuit and who will not be affected by any judgment, but who is nonetheless joined in the lawsuit to avoid procedural defects.").

[32] Docket 2 at 14.

[33] Docket 2 at 15.

[34] "Constitutional due process requires that defendants 'have certain minimum contacts' with a forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1141 (9th Cir. 2017) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Case No. 1:23-cv-00011-JMK, *Castro vs. Lieutenant Governor Dahlstrom and Donald Trump*
Order of Dismissal
Page 7 of 9
Case 1:23-cv-00011-JMK   Document 7   Filed 01/26/24   Page 7 of 9

claim or claims that "should have been advanced in earlier litigation" against the same defendant.[35] A mere change in the legal theory asserted cannot revive an already barred action."[36] A case may be dismissed as frivolous if it "merely repeats pending or previously litigated claims."[37]

## IV. Amendment is Futile

If a court dismisses a complaint, then as a general rule, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."[38] In making this determination, a court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and

---

[35] *See Brodheim v. Cry,* 584 F.3d 1262, 1268 (9th Cir. 2009) ("If two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." (citation and internal quotation marks omitted)); *McClain v. Apodaca,* 793 F.2d 1031, 1034 (9th Cir. 1986) (plaintiff could not "avoid the bar of res judicata merely by alleging conduct by the defendant not alleged in his prior action or by pleading a new legal theory" (citation omitted)).

[36] *Hiser v. Franklin,* 94 F.3d 1287, 1291 (9th Cir. 1996).

[37] *Cato v. United States,* 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citation and quotation omitted). *See also Castro v. Weber,* No. 223CV02172DADACPS, 2023 WL 6931322, at *1 (E.D. Cal. 2023) (noting "plaintiff has brought cases in other courts on the same set of factual allegations as this case but invoking the Declaratory Judgment Act. Plaintiff has not yet had success in bringing this cause under the Declaratory Judgment Act, which is perhaps why he is not attempting to sue under the Act here.").

[38] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Case No. 1:23-cv-00011-JMK, *Castro vs. Lieutenant Governor Dahlstrom and Donald Trump*
Order of Dismissal
Page 8 of 9
Case 1:23-cv-00011-JMK   Document 7   Filed 01/26/24   Page 8 of 9

futility of the proposed amendment."[39] A district court may on its own initiative dismiss a complaint prior to responsive pleadings if the complaint is frivolous.[40]

In conclusion, the Complaint fails to demonstrate the court has jurisdiction. Plaintiff's claims are unsupported by any cognizable legal theory and are fundamentally similar to claims brought in previous cases.[41] Therefore, the Complaint must be dismissed. The Court finds amendment would be futile and does not grant leave to amend the Complaint.[42]

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED** for lack of jurisdiction.

2. Allowing an opportunity to file an amended complaint would be futile.

3. All pending motions are **DENIED** as moot.

4. The Clerk of Court shall issue a final judgment.

DATED this 26th day of January, 2024, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[39] *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

[40] *Kidd v. Dep't of Corr.,* 993 F.2d 883 (9th Cir.1993).

[41] *Cato v. United States,* 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citations omitted).

[42] *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

Case No. 1:23-cv-00011-JMK, *Castro vs. Lieutenant Governor Dahlstrom and Donald Trump*
Order of Dismissal
Page 9 of 9
Case 1:23-cv-00011-JMK   Document 7   Filed 01/26/24   Page 9 of 9